[Civ. No. 4328. Fourth Dist. Apr. 30, 1951.]

CONSOLIDATED PIPE COMPANY (a Corporation), Respondent, v. A. J. GRIES, Appellant.

H. E. Bianchi for Appellant.

Siemon & Siemon for Respondent.

MUSSELL, J.—On December 18, 1946, plaintiff sold and agreed to deliver to defendant 396 feet of 12-inch, 3/16 butt welded well casing and fittings at an agreed price of $3,063.60. On the following day, defendant purchased from plaintiff 96 feet of 16-inch casing and fittings at the agreed price of $449.36. During the first week in February, 1947, plaintiff delivered 14-inch well casing and fittings to defendant's ranch instead of the 12-inch casing ordered, and the present controversy then arose as to whether there was an agreement between the parties that plaintiff would charge the defendant with the additional cost of the 14-inch casing delivered.

Defendant testified that he was assured by plaintiff's agent, Mr. Hay, that the substituted casing would be charged to him without any increase in price. Mr. Hay testified that the difference in price between the 14-inch casing and the 12-inch casing was about 40 cents per foot and that plaintiff would make an equitable adjustment with defendant; that he told the defendant that there would be a difference in price.

The added cost of the substituted casing was the sum of $232.04 and plaintiff, in its statement to the defendant, allowed a credit thereon of $113.78 as an adjustment, and charged defendant with the difference of $118.26.

Defendant appeals from that part of the judgment which allowed plaintiff $118.26 and interest, as extra compensation for the casing furnished and contends that the trial court erred in denying defendant's application for a continuance of the trial date.

■ The question as to whether plaintiff agreed to furnish the 14-inch casing for the price previously agreed upon for the 12-inch casing was one of fact for the trial court and its finding thereon adverse to defendant's contention is binding upon us under the evidence presented. (*Berniker* v. *Berniker,* 30 Cal.2d 439, 444 [182 P.2d 557].) ■ The evidence concerning the conversation between plaintiff's agent Hay and defendant was conflicting and there being substantial evidence to support the findings of the trial court, they are conclusive on appeal. (*Berger* v. *Steiner,* 72 Cal.App.2d 208, 211 [164 P.2d 559]; *Estate of Bristol,* 23 Cal.2d 221, 223 [143 P.2d 689].)

■ Concerning the trial court's refusal to grant a continuance, it appears that the case first came on for trial on February 20, 1950, and at that time it was continued until the 22d of June following. Immediately following the order granting the continuance to June 22d, plaintiff's counsel served notice of the time and place for trial and on June 21st, defendant employed a different attorney to represent him. On June 22d the attorney so employed appeared and filed his affidavit asking for a continuance upon the ground that he had not had time to prepare for the trial. The court thereupon granted a continuance of one day and put the matter over until June 23d, at which time the trial was had. In his application for continuance, plaintiff made no showing of his inability to secure any witnesses or any desired testimony. From an examination of the record, it appears that the order refusing the continuance was not prejudicial to the rights of the defendant and it does not appear that the defendant was thereby prevented from presenting any evidence material to the issues.

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.